## FEIST & FEIST, INCORPORATED, v. CHARLES H. INGERSOLL.

### Decided March 27, 1924.

**Agency—Sale of Real Estate—Agent's Contract was to Procure Sale, Not Merely to Procure Customer—Sale Not Consummated—Plaintiff's Judgment Reversed.**

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Algernon T. Sweeney.*

For the respondent, *Cohn & Cohn.*

PER CURIAM.

This action was brought to recover commissions alleged to be due to the plaintiff as a broker for procuring a purchaser for a certain lot of land belonging to the defendant and located in the village of South Orange. The averments of the complaint are that on the 4th day of June, 1922, the defendant entered into a written contract with the plaintiff, wherein and whereby he authorized it to sell this piece of property to the Harrison Improvement Company for the sum of $15,000, and agreed to pay to the plaintiff a sum equal to five per cent. of that amount, to wit, $750, as a commission for its services in procuring that company as a purchaser; that on the same day above mentioned the Harrison Improvement Company signed articles of agreement whereby they contracted to purchase the said lot at the agreed price of $15,000. and that thereupon the plaintiff became entitled to be paid by the defendant its commission of $750, and that, although payment has frequently been demanded of the defendant, he has consistently refused to comply with

these demands. The defendant in his answer admitted the employment of the plaintiff as broker, and that the Harrison Improvement Company signed articles of agreement for the purchase of the property, but averred that that agreement was conditioned upon the right of the purchaser to erect upon the lot a four-story brick apartment house, and contained a provision that it should be cancelled in the event that such a structure was prohibited by the regulations or ordinances of the village of South Orange. The answer further set up that, subsequent to the making of this agreement it was ascertained by the parties to it that the erection of such a building was prohibited by the zoning ordinances of the village of South Orange, and that thereupon the agreement was cancelled.

Upon the filing of this answer application was made to the court by the plaintiff to strike it out upon the ground that it constituted no defense to the plaintiff's action and was sham and frivolous. Argument being had upon this application the trial court, after a consideration of the matter, ordered that the defense be struck out and that final judgment be entered for the plaintiff for the full amount of its commissions. From the judgment entered on this rule the defendant has appealed.

The only contention upon which the motion to strike out the answer was rested was that, by the true construction of the written contract between the plaintiff and the defendant the latter's obligation to pay the commission was complete, notwithstanding the existence of the facts set up in the answer. That agreement is in the following words: "June 4th, 1921. The undersigned has hereby authorized Feist & Feist, Incorporated, to sell the vacant plot of ground situated on the corner of Irvington avenue and Prospect street, South Orange, N. J., to Harrison Improvement Company, under articles of agreement bearing even date herewith for the sum of fifteen thousand dollars ($15,000), and for said services agrees to pay Feist & Feist, Incorporated, a sum equal to five per cent. (5%) commission upon the amount for which the

property is sold." The trial judge manifestly considered that the effect of this agreement was to impose upon the defendant the burden of paying the commission, even though the sale to the Harrison Improvement Company was not consummated. To us his conclusion seems unsound. The employment of the plaintiff was *to sell* a lot of ground to the Harrison Improvement Company for a fixed amount. The sale was to be under articles of agreement between the vendor and the vendee. Those articles provided, so the answer states in effect, that the sale should not be consummated unless and until it was ascertained that an apartment house could be erected upon the lot by the vendee and that, if it should be ascertained that no such building could be there erected, the agreement should be at an end, and the obligations of both parties thereunder should be terminated. By the very words of the agreement between the plaintiff and the defendant the former's commission was to be paid upon the amount "for which the property is sold"—that is, the payment of the commission was dependent upon the actual sale of the property—and, as no sale was made, the condition upon which the agreement for sale was based having failed, the commission had not been earned.

For the reason indicated, we think the judgment under review should be reversed.